Joseph Ebron
Attachment to § 2255 Form Questions

Question 2(b)

      May 18 and June 26, 2009.

Question 3

      On May 18, 2009, Ebron was sentenced to death on Count 1, First-Degree Murder (18 U.S.C. §§ 1111, 2).  On June 26, 2009, Ebron was sentenced to life imprisonment on Count 2, Conspiracy to Commit First-Degree Murder (18 U.S.C. §§ 1117, 1111, 2).

Question 4

      The indictment, filed under No. 1:07-cr-142 on August 15, 2007, charged Ebron and co-defendants with Premeditated First-Degree Murder, 18 U.S.C. §§ 1111, 2 (Count 1), and Conspiracy to Commit First-Degree Murder, 18 U.S.C. §§ 1117, 1111, 2 (Count 2), for the death of Keith Barnes on May 7, 2005.  The action against Ebron was later severed from the action against co-defendants and proceeded under No. 1:08-cr-36.  The indictment alleged three statutory aggravators:  a previous conviction of a Federal or State offense resulting in the death of a person, for which a sentence of life imprisonment or a sentence of death was authorized by statute (18 U.S.C. § 3592 (c)(3)); an offense committed in an especially heinous, cruel, or depraved manner in that it involved torture or serious physical abuse to the victim (18 U.S.C. § 3592 (c)(6)); and an offense committed after substantial planning and premeditation to cause the death of another person (18 U.S.C. § 3592 (c)(9)).

Question 9(f)

      Ebron appealed to the United States Court of Appeals for the Fifth Circuit under Docket Nos. 09-40544 and 10-40108.  On May 30, 2012, that court denied relief.  *United States v. Ebron*, 683 F.3d 105 (5th Cir. 2012).  The appeal raised the following grounds, all of which were rejected:

      (a)    The district court erred in refusing to grant defense counsel's seven requests for a mistrial.

      (b)    The district court erred in interviewing the jurors after its initial conversation with the foreperson revealed that the jurors had deliberated the evidence and were deadlocked.

      (c)    The district court erred in dismissing holdout juror Brittany Johnson.

      (d)    The district court's instructions to the new juror were inadequate to ensure that Ebron received a fair, impartial, and uncoerced verdict.

      (e)    The guilt-innocence phase verdict against Ebron was coerced.

(f)    The district court erred in admitting evidence that Ebron had been involved in prior prison fights.

(g)    The district court erred in admitting three specified instances of hearsay at trial.

(h)    The admission of lay and expert opinion testimony violated the Rules of Evidence and resulted in a fundamentally unfair trial and unreliable sentencing determination.

(i)    Dr. Tommy Brown's testimony that Keith Barnes was "probably" held from behind was irrelevant and unreliable.

(j)    The prosecutors engaged in egregious misconduct in nine specified ways.

(k)    The district court erred in submitting the "heinous, cruel, or depraved" sentencing factor to the jury.

(l)    The district court erred in submitting the "substantial planning and premeditation" factor to the jury.

(m)    The district court erred in admitting Detective Leadmon's opinion that, as a juvenile, Ebron lied about shooting Arthur Steve.

(n)    The district court erred in permitting the prosecutor to put on extensive emotional testimony about Barnes's fears in prison and about Barnes's former prosecutor's regrets.

(o)    The admission of testimonial hearsay at the penalty phase violated the Confrontation Clause.

(p)    Ebron's death sentence was unconstitutionally disproportionate, because no other conspirator in Barnes's murder was sentenced to death, or even to life imprisonment.

(q)    The jury was improperly instructed on the burden of proof at the penalty phase of trial.

Ebron filed a petition for certiorari under Docket No. 12-6956 in the United States Supreme Court, which denied the petition on November 4, 2013. *See Ebron v. United States*, ___ U.S. ___, 134 S. Ct. 512 (2013). Ebron sought review of the questions whether (1) dismissal of a holdout juror violates the constitutional right to a unanimous, uncoerced verdict, where questions asked of jurors about their complaints of a holdout juror's possible misconduct show a reasonable possibility that the jury's problems arise out of evidentiary disagreement; (2) mistrial is necessary where juror interviews show a holdout juror thinks the government has failed to prove its case based on the evidence; and (3) alternatively, alleged "lack of candor" and "extrinsic materials" misconduct must be material in order to be the basis of dismissal, where there is case-based disagreement among the jury.

Question 12

       *See* contemporaneously filed, counseled petition for full answer as to grounds outlined below:

     I.     Trial Counsel Provided Ineffective Assistance at the Guilt-Innocence Phase of Trial

     II.    Trial Counsel Provided Ineffective Assistance at the Penalty Phase

     III.   Petitioner Was Denied His Sixth Amendment Right to a Fair Trial by an Impartial Jury by the Inclusion of a Juror Who Lied in His Questionnaire and During Voir Dire on Grounds Which, If That Juror Had Responded Correctly, Would Have Provided the Defense with a Valid Challenge for Cause

     IV.   The Government Denied Ebron's Rights to Due Process of Law, to Confront His Accusers, and to Present a Complete Defense in Violation of the Fifth, Sixth, and Eighth Amendments by Suppressing Favorable Material Evidence

     V.    The Government Denied Ebron's Right to Due Process of Law, to Confront His Accusers, and to Present a Complete Defense in Violation of the Fifth, Sixth, and Eighth Amendments by Presenting, or Failing to Correct, False Testimony of Its Key Witness, Charles Sherman

     VI.   The Government Denied Ebron's Right to Due Process of Law, to Confront His Accusers, and to Present a Complete Defense in Violation of the Fifth, Sixth, and Eighth Amendments by Presenting False Testimony of Its Corrections Expert, Greg Hershberger

     VII.   Petitioner Was Denied Due Process When the Trial Judge Fell Asleep Several Times During Trial

     VIII.  The Cumulative Effect of the Constitutional Errors That Permeated the Trial Requires Relief

Question 15

   Katherine Scardino, Esq., 3730 Kirby Drive, Suite 1120, Houston, TX 77098, served as Ebron's counsel at the preliminary hearing, arraignment and plea, trial, and sentencing. Jimmy Phillips Jr., Esq., P.O. Box 29, Angleton, TX 77516, served as Ebron's counsel at trial and sentencing and on direct appeal. Donna F. Coltharp, Esq., of the Office of the Federal Public Defender, 727 E. César E. Chávez Boulevard, Suite B-207, San Antonio, TX 78206, served as Ebron's counsel on direct appeal. Eric Albritton, Esq., P.O. Box 2649, Longview, TX 75606, and Claudia Van Wyk, Esq., and Billy H. Nolas, Esq., of the Federal Community Defender Office, Capital Habeas Unit, Suite 545W—Curtis Center, 601 Walnut Street, Philadelphia, PA 19106, are serving as his postconviction counsel.

Question 16

On May 18, 2009, Ebron was sentenced to death on Count 1, First-Degree Murder (18 U.S.C. §§ 1111, 2).  On June 26, 2009, Ebron was sentenced to life imprisonment on Count 2, Conspiracy to Commit First-Degree Murder (18 U.S.C. §§ 1117, 1111, 2).  Both sentences were under Indictment No. 1:08-cr-36.

Question 17

Ebron is subject to a sentence of sixty-one years and eight months to life for murder and related charges in connection with the death of Anthony Tate, imposed by the Superior Court of the District of Columbia under 1997 FEL 007123 on January 11, 1999.  That conviction was one of the statutory aggravating factors found in the capital judgment this motion challenges.  That conviction is also now under challenge; that challenge provides a basis for a stay and abeyance of this matter.