**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIV. NO. 1:14-CV-539**<br>**CRIM. NO. 1:08-CR-00036** |
| **v.** | **2255 PROCEEDINGS** |
| | **HON. CHRISTINE L. STETSON** |
| **JOSEPH EBRON** | |

### RESPONSE TO ORDER OF JANUARY 7, 2025

Joseph Ebron, through undersigned counsel, respectfully submits this response to the Court's order of January 7, 2025. In light of President Biden's December 23, 2024, commutation of Mr. Ebron's death sentence, this Court directed Mr. Ebron to address "whether any live case or controversy still exists in this cause, and specifically which issued in his live federal habeas petition, if any, are not moot." (Dkt. # 38 at 2). As explained below, Mr. Ebron's § 2255 motion presents an ongoing live case and controversy and raises six claims for relief that are not moot.

A live case or controversy exists where the parties "continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990). Accordingly, where Mr. Ebron has "a concrete interest, however small, in the outcome of the litigation, the case is not moot." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013). Here, Mr. Ebron raises six claims that seek relief from his criminal

convictions due to alleged constitutional violations at trial. Mr. Ebron's convictions, and the claims for relief challenging then, undoubtedly implicate a "concrete interest" that is independent of, and unaffected by, the commutation of his death sentence. Accordingly, this case continues to present a live controversy and is not moot.

The decisions in *Dennis v. Terris*, 927 F.3d 955 (6th Cir. 2019), and *United States v. Surratt*, 855 F.3d 218 (4th Cir. 2017), referenced in this Court's order (Dkt. # 38 at 1-2), are not to the contrary. Both cases involved collateral challenges only to the petitioners' *sentences* following Presidential commutations of those sentences. *See Dennis*, 927 F.3d at 957; *Surratt*, 855 F.3d at 219 (Wilkinson, J., concurring); *id.* at 220 (Wynn, J., dissenting). Because Mr. Ebron's § 2255 motion does not challenge his sentence imposed pursuant to President Biden's commutation, the question addressed in *Dennis* and *Surratt* is not presented here.

Mr. Ebron's motion pursuant to 28 U.S.C. § 2255 (Dkt. # 2) raises six claims for relief that, in whole or part, challenge his criminal convictions in this case. Those claims are:

- Claim I: Trial Counsel Provided Ineffective Assistance at the Guilt-Innocence Phase of Trial. (Dkt. # 2 at 53-102).

- Claim III: Petitioner Was Denied His Sixth Amendment Right to a Fair Trial by an Impartial Jury by the Inclusion of a Juror Who Lied in His Questionnaire and During Voir Dire on Grounds Which, if That Juror Had

2

Responded Correctly, Would Have Provided the Defense with a Valid Challenge for Cause. (Dkt. # 2 at 121-22).

- Claim IV: The Government Denied Ebron's Rights to Due Process of Law, to Confront His Accusers, and to Present a Complete Defense in Violation of the Fifth, Sixth, and Eighth Amendments by Suppressing Favorable Material Evidence. (Dkt. # 2 at 123-27).

- Claim V: The Government Denied Ebron's Right to Due Process of Law, to Confront His Accusers, and to Present a Complete Defense in Violation of the Fifth, Sixth and Eighth Amendments by Presenting, or Failing to Correct, False Testimony of Its Key Witness, Charles Sherman. (Dkt. # 2 at 128-32).

- Claim VII: Petitioner Was Denied a Fair Tribunal in Violation of His Fifth and Sixth Amendment Rights to Due Process. (Dkt. # 2 at 135-36).

- Claim VIII: The Cumulative Effect of the Constitutional Errors That Permeated the Trial Requires Relief. (Dkt. # 2 at 136).

The above six claims are not moot.

Mr. Ebron acknowledges that Claim II (Dkt. # 2 at 102-20) and Claim VI (Dkt. # 2 at 132-34), which each alleged constitutional error affecting only his death sentence, have been mooted by President Biden's commutation. Mr. Ebron therefore has no objection to dismissal of Claims II and VI.

Respectfully submitted,


/s/Alex Kursman
Alexander Kursman
Assistant Federal Defender
Federal Community Defender Office for
  The Eastern District of Pennsylvania
601 Walnut Street, Suite 545 West
Philadelphia, PA 19106
(215) 928-0520
Alex_Kursman@fd.org

*Attorney for Joseph Ebron*

Dated:   March 24, 2025

4

## CERTIFICATE OF SERVICE

I, Alex Kursman, hereby certify that on this date, I caused the foregoing to be served on the following person by ECF:

Joseph Robert Batte
U.S. Attorney's Office – Beaumont
350 Magnolia, Suite 150
Beaumont, TX  77701
Phone: (409) 839-2538
Fax: (409) 839-2550
joe.batte@usdoj.gov

Traci Lynne Kenner
U.S. Attorney's Office
110 N College, Suite 700
Tyler, TX 75702
(903) 590-1400
traci.kenner@usdoj.gov

/s/ Alex Kursman
Alex Kursman

Dated:  March 24, 2025