IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| **JOSEPH EBRON,**<br>*Petitioner*, | §<br>§<br>§<br>§ | |
| **v.** | §<br>§ | **CIVIL ACTION NO. 1:14-CV-00539** |
| **UNITED STATES OF AMERICA,**<br>*Respondent*. | §<br>§<br>§ | |

**ORDER SETTING BRIEFING SCHEDULE**

On August 15, 2007, a federal grand jury returned a two-count indictment against Movant Joseph Ebron, and his co-defendants Bacote and Sherman for the 2005 murder of a fellow Bureau of Prisons ("BOP") inmate. Count I of the indictment charged the defendants with murder; Count II charged them with conspiracy to commit murder. On May 18, 2009, the jury concluded that the death penalty was the appropriate sentence for Ebron's conviction on Count I of the indictment. The following month, the Court held a sentencing hearing on Count II. Based on a total offense level of 43 and a criminal history level of 3, the Court sentenced Ebron to a life sentence.

In October 2009, Ebron filed a motion for a new trial in which he presented three grounds for relief. First, Ebron argued that, based on the information it had before it at trial, the Court's decision to dismiss juror Johnson rather than declare a mistrial "violated his Sixth Amendment right to a unanimous verdict and his Fifth Amendment right to due process." Second, he contended that a post-trial affidavit submitted by juror Johnson made "clear that Johnson believed, and told other jurors, that the Government had not proved Ebron's guilt." According to Ebron, the affidavit supported his position that Johnson was improperly removed from the jury. Third, Ebron argued that newly discovered statements made by co-defendant Bacote were relevant and material to the central issues at trial and, given their content, would likely produce an acquittal on retrial. On

1

January 28, 2010, the Court issued a written decision in which it rejected Ebron's arguments and denied his motion for a new trial.

Ebron timely appealed his convictions and death sentence to the Court of Appeals for the Fifth Circuit. A related appeal regarding the denial of his motion for a new trial was consolidated with this appeal. The Fifth Circuit affirmed Ebron's convictions and death sentence. *United States v. Ebron*, 683 F.3d 105, 158 (5th Cir. 2012), *cert. denied*, *Ebron v. United States*, 571 U.S. 989 (2013). The Circuit also affirmed the Court's denial of the motion for new trial. *Id.*

On October 27, 2014, Ebron filed his initial Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. #1.), his Memorandum in Support of his Motion to Vacate (Doc. #2.), and his Unopposed Motion to Stay and Hold 2255 Motion in Abeyance (Doc. #4.). Since April 2, 2015, this case has been stayed and administrative closed—except for small periods of time—while Ebron pursued alleged irregularities in a state court murder conviction in the District of Columbia. (Doc. ##6 and 08/31/2020.) The state court murder conviction had served as an aggravating factor at his capital trial in this Court. He contended that if he was successful in overturning this District of Columbia state murder conviction, his sentence in this case could result in a sentence other than death. (Doc. #6.).

On December 23, 2024, President Joseph R. Biden, Jr. commuted the death sentence imposed upon Ebron in Criminal Action No. 1:08-CR-00036-001 to life imprisonment without the possibility of parole. (Doc. #37.). All other conditions and components of the previous sentences were left intact. On January 7, 2025, the Court directed Ebron to respond to "whether any live case or controversy still exists in this cause, and specifically which issues in his live federal habeas petition, if any, are not moot." (Doc. # 38 at 2.). On March 24, 2025, Ebron filed a response asserting that six claims present a live and ongoing controversy and are moot. (Doc. #43.).

Based on the proceedings in this case, and the length of time that this case has been pending, a briefing schedule is appropriate in this case. Accordingly, it is

ORDERED that Ebron may file an amended § 2255 motion on or before **May 28, 2025**. The Court does not accept piecemeal pleadings. An amended § 2255 motion entirely supersedes and takes the place of an original § 2255 motion. *See Clark v. Tarrant Cnty., Tex.*, 798 F.2d 736, 740 (5th Cir. 1986). For that reason, an amended § 2255 motion should be a complete motion which replaces the original § 2255 motion. An amended § 2255 motion may not refer back to the original § 2255 motion with instructions to add, delete or substitute various sentences, paragraphs, or sections. The amended § 2255 motion will be become the live pleading in this action.

Ebron is cautioned that claims added in an amended federal habeas petition do not relate back to the original petition merely because the claims arise out of the same trial and conviction. *Mayle v. Felix,* 545 U.S. 644, 649-50 (2005); *United States v. Gonzalez*, 592 F.3d 675, 679 (5th Cir. 2009). Additionally, "[a]n amended habeas petition ... does not relate back ... when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." *Mayle,* 545 U.S. at 650. It is further

ORDERED that the deadline for the Government to file a response or responsive pleading to the amended § 2255 motion is within ninety days of the filing of the amended § 2255 motion. It is further

ORDERED that the deadline for Ebron to file a reply to the response is sixty days from the time the response is filed. It is finally

ORDERED that this Order does not affect or waive the Government's right to raise and/or object to any statute of limitations, exhaustion, tolling arguments, or any other defensive issues raised in Ebron's amended § 2255 motion.

The parties are placed on notice of Local Rule CV-3, which provides for page limits, table of contents, and tables of authority. The considerable leeway given to death penalty cases regarding excess pages does not normally extend to non-death penalty § 2255 motions. Any documents that are filed that do not comply with these requirements without leave may be struck from the record.

**SIGNED this the 27th day of March, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE