IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH EBRON | § | |
| VS. | § | CIVIL ACTION NO. 1:14cv539 |
| | | CRIM. NO. 1:08-CR-00036 |
| UNITED STATES OF AMERICA | § | |

**O R D E R**

Before the court is Movant Ebron's Unopposed Motion for Leave to File Over-Length Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255, in excess of the page limit established by the Local Rules of the Eastern District of Texas, Rule CV-3(b).    (Doc. #47.).    Ebron's Amended Motion to Vacate, Set Aside, or Correct Sentence (Doc. #48.) is 51-pages, excluding certificates and exhibits, exceeding the length rule for non-death penalty cases by 21 pages.    Local Rule CV-3(b).

As good cause for his Unopposed Motion for Leave to File Over-Length Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255, Ebron declares that his Amended Section 2255 Motion (Doc. #48.) is not a typical non-death penalty case.  His criminal case included four days of hearings on pre-trial motions; six days of *voir dire*; nine days of guilt-phase testimony and arguments; and four days of guilt-phase deliberations, including testimony from various jurors.  Ebron has not cited any reasons that are different from other non-death penalty cases.

A request for excess pages is reasonable in light of the procedural posture of the case; however, 51-pages is excessive for a non-death penalty case.  Indeed, it would be almost twice the allowed length for a habeas petition.  Neither the Constitution nor the ABA Guidelines require

1

federal habeas counsel to raise every non-frivolous ground that might be raised. *Cf. Smith v. Robbins*, 528 U.S. 259, 288 (2000) (holding that appellate counsel "need not (and should not) raise every nonfrivolous claim but rather may select from among them in order to maximize the likelihood of success on appeal."). It is therefore

**ORDERED** that Movant Ebron's Unopposed Motion for Leave to File Over-Length Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Doc. #47.) is **GRANTED in part** and **DENIED in part**. Ebron is granted permission to file an Amended Motion to Vacate pursuant to 28 U.S.C. § 2255 that does not exceed 45-pages in length, excluding cover sheet, tables, certificate of service, and exhibits. It is

**ORDERED** that the Clerk of Court shall **UNFILE** Docket Entry #48 from the record. It is further

**ORDERED** that Movant Ebron shall file his conformed Amended Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 on or before 30-days from the receipt of this order. No extensions of time will be allowed. Movant's conformed Amended Motion to Vacate shall be docketed as being timely filed on May 28, 2025, which is the same date as his original Amended Motion to Vacate (Doc. #48.) was docketed. It is

**ORDERED** that the Government's answer or response will be due 60-days after the filing of Ebron's conformed Amended Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255.

**SIGNED this the 2nd day of June, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE