IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| JOSEPH EBRON | § | |
| | § | |
| V. | § | No. 1:14-CV-539 |
| | § | |
| UNITED STATES OF AMERICA | § | |

### GOVERNMENT'S UNOPPOSED SECOND MOTION TO EXTEND TIME TO FILE RESPONSE

For the reasons set out below, the government moves for a 45-day extension of time to file a response to Joseph Ebron's amended Section 2255 motion, moving the deadline from October 2, 2025, to November 16, 2025.

## I.  Proceedings

A jury convicted Ebron of murdering a fellow inmate and sentenced him to death. After Ebron's conviction and sentence were affirmed and became final, he filed a motion to vacate, set aside, or correct sentence under Section 2255 on October 27, 2014.  Trl. Doc. 313; 2255 Doc. 1, 2.  The motion raised eight overall claims, most with multiple sub-claims or underlying theories.  2255 Doc. 2.  Two days later, the Section 2255 proceeding was stayed while Ebron litigated a post-conviction challenge to his 1999 murder conviction in the Superior Court in Washington, D.C.  2255 Doc. 5.  The Court did not enter a show cause order for the government to respond before the stay.  Except for a brief period in 2020, 2255 Doc. 21, the case remained stayed until recently.

On December 23, 2024, Ebron's death sentence was commuted to life imprisonment without the possibility of parole.  Trl. Doc. 315; 2255 Doc. 37.  On January

**Motion for Extension, Page 1**

7, 2025, the Court ordered Ebron to identify any claims in his Section 2255 motion that present a live case or controversy after the commutation of his sentence. 2255 Doc. 38. Ebron responded to the Court's order, identifying six claims that he believes remain viable, alleging that they, "in whole or part, challenge his criminal convictions in this case." 2255 Doc. 43 at 2. On March 27, 2025, the Court ordered Ebron to file an amended Section 2255 motion by May 28, 2025. 2255 Doc. 45. The order instructed the government to file a response to the amended motion within 90 days after Ebron filed the amended motion. 2255 Doc. 45. Ebron filed the amended Section 2255 motion on May 28, but on June 2, 2025, the Court ordered him to reduce the number of pages and set a deadline of July 2, 2025, for the edited filing. 2255 Doc. 52. The order instructed the government to file a response to the edited amended motion within 60 days after Ebron's filing. 2255 Doc. 52. Ebron filed his edited amended Section 2255 motion on July 2, 2025. 2255 ECF Doc. 53. Therefore, the government's response became due on September 2, 2025.

Because the deadline in this case fell close to, but after, the deadlines in four other cases—two of which involved Section 2255 motions filed by capital defendants whose sentences were commuted to life imprisonment at the same time as Ebron's—counsel moved for an extension of time in which to file the last two responses, one of which was the response to Ebron's amended Section 2255 motion. As explained below, counsel is working diligently, but needs more time to draft the response in this case. Therefore, the government respectfully moves for a 45-day extension in which to file the response.

**Motion for Extension, Page 2**

## II. Grounds for Motion

Ebron was one of six capital defendants whose sentences were commuted to life imprisonment at the same time. All have required additional filings, some lengthier than others. At the time the response in this case was ordered, the government was already under order to respond to the non-moot claims in in a capital case, *Christopher Emory Cramer v. United States*, No. 1:23-CV-355, by August 27, 2025. See *Cramer*, No. 1:23-CV-355, ECF Doc. 28 (order dated May 23, 2025). That response was 122 pages long and filed on August 25, 2025. During the time it was being drafted the office received an unusual number of appellate briefs, so counsel was required to draft a brief for the Fifth Circuit in *United States v. Erik Jackson*, No. 25-40081, which was due on August 25, 2005. That brief was filed on August 22, 2025. Then, in an unexpected turn, on August 18, 2025, the Fifth Circuit ordered counsel to respond to a petition for rehearing en banc in *United States v. Jermon Rodriguez Clark*, No. 24-40830, by August 28, 2025. That response was filed on the due date.

At the time those responses were due, counsel also had been ordered to respond to an amended Section 2255 filed in another capital case, *Shannon Wayne Agofsky v. United States*, No. 1:07-CV-511, by August 28. *Agofsky*, ECF Doc. 210 (order dated May 30, 2025). And, as noted above, the Court ordered counsel to file a response to Ebron's edited amended motion within 60 days after his filing. 2255 Doc. 52. Ebron filed his edited amended Section 2255 motion on July 2, 2025, 2255 ECF Doc. 53, so the government's response was due September 2, 2025.

Because it was not possible to draft the documents ordered in all five cases and

Motion for Extension, Page 3

have them ready for filing in in approximately one week, the government moved for 30-day extensions in the last two, *Agofsky* and this case.  Both extensions were granted.  Because *Agofsky* was the older case and the show cause order in that case preceded the one setting the deadline in this case, counsel began working on it as soon the brief and responses in the three cases cited above were filed.  Although counsel has been working diligently, she not finished with Agofsky and has had to request additional time to complete the amended response.  Agofsky's amended motion is 482 pages long.  Subtracting the items that the parties agree are moot, the current response will relate to all or part of approximately 280 pages.  Updating the government's initial response, which was filed in 2010, is more time-consuming than usual.  In addition to checking the record, updating the case law, and responding to new arguments, anything used from the initial response must be retyped.  The initial response was prepared and filed by a lawyer with the Capital Crimes Unit at the Department of Justice in Washington, D.C.  That lawyer left government service years ago, and the government no longer has anything other than a PDF version of the initial response.  It has not converted easily into Microsoft Word, the word processing program now used by DOJ.

In addition to the above, counsel has encountered unusual and time-consuming health issues for herself and her 91-year-old mother in the last two months.  Counsel's mother has had a series of infections that have required counsel to take time away from work to take her to appointments, lab work, etc.  Counsel's mother has an appointment with a specialist on September 30 to explore treatment options.  Counsel must drive her mother to the appointment and sit in because she has significant hearing issues.

**Motion for Extension, Page 4**

Additionally, in August, counsel began a 12-month series of two injections per month for a health issue. This course requires lab work the week before each set of injections, as well as an appointment with the doctor or nurse practitioner before the injections. The appointments and a related ultrasound required counsel to be out of the office for three hours this morning. And counsel has another long-standing doctor's appointment on September 29 that will require her to miss several hours of work.

Counsel is aware that the Court will not view this motion favorably. 2255 ECF Doc. 56. But the circumstances of having significant briefing associated with commutation of *six* death penalties at the same time is extraordinary. Because counsel handled the direct appeals for this case and *Agofsky*, it had been decided that counsel's familiarity would make drafting the government's response more efficient than if it were reassigned. But, given the unusual difficulty in completing *Agofsky*, others in the office will be helping with the response in this case. It cannot be completed, however, by October 2. Thus, counsel moves for an extension of 45 days in this case.

### III. Certificate of Conference

The undersigned conferred by email with Alex Kursman, counsel for Ebron, on September 22, 2025, and he does not oppose the requested extension.

### IV. Conclusion

For the reasons stated above, the United States respectfully requests a 45-day extension of time in which to file a response to Ebron's amended Section 2255 motion, to

and including November 16, 2025.[1]

Respectfully submitted,

Jay R. Combs
Acting United States Attorney
Eastern District of Texas

Joseph R. Batte
Assistant United States Attorney

/s/ Traci L. Kenner
Traci L. Kenner
Assistant United States Attorney
110 N. College, Suite 700
Tyler, Texas 75702
(903) 590-1400
(903) 590-1439 (fax)
Traci.Kenner@usdoj.gov
Texas Bar No. 11307070

## Certificate of Service

I certify that on September 23, 2025, this document was served by the Court's

ECF system on Alex Kursman, counsel for Ebron.

/s/ Traci L. Kenner
Traci L. Kenner
Assistant United States Attorney

---

[1] Because November 16, 2025, falls on a Sunday, the due date under Fed. R. Civ. P. 6(a)(1)(C) will be November 17, 2025.

**Motion for Extension, Page 6**